PROCEEDINGS
OHIO SUPREME COURT
TUESDAY, MARCH 1, 1927
GENERAL DOCKET

19902—John F. Dethloff v. M. O. Starbuck. Cuyahoga. Judgment affirmed. Dock. 6-17-26, 4 Abs. 404; OS. Pend. 4 Abs. 553.

20022—Antoinette V. Schick v. City of Cincinnati. Hamilton. Judgment affirmed. Dock. 7-29-26, 4 Abs. 525; OS. Pend. 4 Abs. 739.

20023—Rose F. Imbus v. City of Cnicinnati. Hamilton. Judgment affirmed. Dock. 7-29-26, 4 Abs. 525.

20024—Lily Hull v. City of Cincinnati. Hamilton. Judgment affirmed. Dock. 7-29-26, 4 Abs. 525.

20064—Columbus, Delaware & Marion Electric Co. v. Public Utilities Commission. Public Utilities Commission reversed in part and affirmed in part. Dock. 8-19-26, 4 Abs. 575.

20271—Interstate Motor Transit Co., a corporation, v. Public Utilities Commission. Dismissed on application of plaintiff in error, without record, at its cost. Dock. 1-13-27, 5 Abs. 48.

19749—State ex rel. Clara Hesson v. Industrial Commission of Ohio. In mandamus. Settled and dismissed. Dock. 4-5-26, 4 Abs. 238.

EXPLANATION

Cases taken to the Supreme Court, on motion to the Court of Appeals to certify its record, are placed upon its Motion Docket, and each week a list of those wherein the motion is decided, is given out by the court, as shown below. No opinion or syllabus is announced for these.

The Abstract publishes this docket each week, and annotates the paragraphs, so that lawyers get a history of each case, and the points involved in it, by referring to the case in the Court of Appeals if reported in the Abstract, or to the Pending Case, where it has been previously written up. When otherwise, it is soon provided and published.

No other paper publishes the cross references.

The cases are also entered in the Concordance, when they affect other cases.

MOTION DOCKET

20280—Charles S. Shelly v. the Great American Mutual Indemnity Co. Motion for Henry Appeals to certify. Overruled. Dock. 1-20-27, 5 Abs. 59; OA. 5 Abs. 88.

20286—New York Insurance Co. v. Mike Migletz et. Motion for Mahoning Appeals to certify. Overruled. Dock. 1-26-27, 5 Abs. 73.

20289—Robert S. McMurray v. Vaughn's Seed Store. Motion for Logan Appeals to certify. Allowed. Dock 1-28-27, 5 Abs. 73; OA. 5 Abs. 51.

20290—Euclid Ave. Christian Church v. Minnie B Adams. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 1-28-27, 5 Abs. 73.

20294—Bank of Trenton Co. v. Marston Good. Motion for Butler Appeals to certify. Overruled. Dock. 1-29-27, 5 Abs. 73.

20295—Mary Elizabeth Fibbee et v. Lawrence W. Poland. Motion for Hamilton Appeals to certify. Overruled. Dock. 1-29-27, 5 Abs. 73.

20298—Jacob Krollman Jr. et v. Mary B. Lush, admx. Motion for Hamilton Appeals to certify. Overruled. Dock. 2-1-27, 5 Abs. 73.

20299—Janet Bryant Callaghan v. Foster Callaghan et. Motion for Hamilton Appeals to certify. Overruled. Dock. 2-1-27, 5 Abs. 73.

20300—Sigmund Long et v. the Cincinnati Abbatoir Co. et. Motion for Hamilton Appeals to certify. Overruled. Dock. 2-1-27, 5 Abs. 73.

20301—Sigmund Long et v. the Cincinnati Abbatoir Co. et. Motion for Hamilton Appeals to certify. Overruled. Dock. 2-1-27, 5 Abs. 73.

20304—J. C. Schray v. Anna G. Strach. Motion for Hamilton Appeals to certify. Overruled. Dock. 2-1-27, 5 Abs. 73.

20306—Lyman H. Albright et v. Jesse Albright et. Motion for Seneca Appeals to certify. Allowed. Dock. 2-2-27, 5 Abs. 90.

---

## Weekly Abstract of PENDING CASES

EXPLANATION. The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abreviations, See Ternary Digest, page XII.

### No. 174
### YOUNG v. STATE
No. 20276. Supreme Court

Motion for leave to file petition in error. Dock. Jan. 18, 1927, 5 Abs. 59.

1273. WITNESS—May state cross examine its own witness on ground that he was an adverse witness and may he be impeached by other evidence?

#### First Publication of this Case

Raymond Young was convicted in the Hamilton Common Pleas on a charge of assault with intent to commit a rape, which conviction was affirmed by the Court of Appeals. The prosecuting witness and Young were guests at a house party and they had been strangers until that evening. Evidence was offered to show that the prosecuting witness and the plaintiff in error had been seen to leave the house and later the prosecuting witness was discovered a square or so from the house, her jaw being dislocated and being unable to articulate.

Error is claimed on part of the Court in refusing to permit the jury to view the premises and in permitting the state to cross examine its own witness and to offer evidence tending to impeach said witness.

The State claimed the right to cross examine its witness, Stein, on the ground that he was an adverse witness. The court permitted him to be cross-examined. It is claimed that the hostility Stein evidenced was not such as would justify his cross-examination by the State.

It is claimed that the State was permitted to have questions answered by another witness, which answers tended to impeach the testimony of the witness Stein; and that the Court's ruling in permitting such impeaching questions to be asked was highly prejudicial.

It is contended that "In case the witness denied having made such statements, or his answer is ambiguous, concerning them, it is not competent for the party calling him to prove them by other witnesses."

It is also submitted that the Court of Appeals in its opinion stated that "While we do not approve of the manner in which the attorney for the State conducted the examination in the particulars complained of - - - we do not find that this examination was prejudicial error;" and that by this statement the Court of Appeals must have put its stamp of disapproval in the manner in which the examination was conducted.

Attorneys—Roettinger & Street for Young; C. P. Taft, II, and C. E. Basler for State; all of Cincinnati.